UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALYON SAIN,

    Plaintiff,

v.                                                         Case No. 06-C-955

DAVID CLARKE, DEPUTY KICKBUSH
and SGT CHRISS,

    Defendants.

**ORDER**

On September 12, 2006, the plaintiff, Dalyon Sain ("Sain"), filed this action naming David Clarke, Deputy Kickbush, and Sgt. Chriss as defendants. Along with his complaint, Sain filed a petition to proceed in forma pauperis (a petition to proceed without prepaying fees and costs). The court received Sain's complaint on August 29, 2006. However, because Sain was in custody at the time he filed his petition to proceed in forma pauperis, he was required, pursuant to the Prison Litigation Reform Act, to file a certified copy of his prison trust account statement and he had not done so. Accordingly, the clerk of court requested that Sain file a certified copy of his prison trust account statement. Sain filed his prison trust account statement, and in so doing, indicated to the court that on September 5, 2006, he had been released from custody. Thus, because Mr. Sain had filed his initial petition to proceed in forma pauperis while in custody, the clerk of court requested that he file an amended petition to proceed in forma pauperis. On October 11, 2006, Sain filed his amended petition to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his petition and affidavit for leave to proceed in forma pauperis, Sain states that he is currently unemployed and does not own any valuable assets. He reports that he does not have any cash on hand, or a checking or saving account. Based on this, I am satisfied that Sain is indigent for purposes of the in forma pauperis statute.

Before allowing Sain to proceed without paying costs, this court must also determine that this action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Sain is proceeding pro se in this matter. Therefore, as previously stated, his complaint will be given a liberal construction. Sain's complaint, in relevant part, states that:

> (1) I am a Wisconsin of Department of Corrections inmate serving two years sentence for revocation for parole. (2) I am proceeding pro se in two pending cases. (3) The defendants at this present time are intentionally denying me a meaningful access to the court. (4) The defendants do not have a law library. (5) The defendants are denying me all the benefits and resources that I am entitled to pursuant to the Wisconsin Administrative Code Doc. 309.06. (6) I.E. I am being denied the right to visit my family in person, purchase my own till, my own shoes, T-shirts, underwear, unassioned [sic] pay, ink pens, right to staple my legal papers, a typewriter. (7) The defendants are subjecting me to [deliberate indifference] as compared to inmates at

2

> i.e. fox Lake who are situated than me yet are receiving the full resources for inmates Doc. 309. (8) I am being denied the right to research the law. (9) I am not a pretrial detainee. (10) I have the right to get the same medications, like when I was up north.

(Compl. at 5-6.)

To be sure, prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Furthermore, deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus, is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

Bearing the foregoing legal standards in mind, at this early stage of the instant proceedings I cannot say that the allegations in Sain's complaint are subject to dismissal for being frivolous or malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2). Consequently, the plaintiff's petition to proceed in forma pauperis will be granted.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents.

The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

**SO ORDERED** this 13th day of October 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

4