UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALYON SAIN,

      Plaintiff,

      v.                                        Case No. 06-C-955

DAVID CLARKE, DEPUTY
KICKBUSH, and SGT. CRISS,

      Defendants.

**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

On September 12, 2006, the plaintiff, Dalyon Sain ("Sain"), filed this pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On October 13, 2006, the court granted the plaintiff's motion to proceed in forma pauperis. On December 19, 2006, the defendants filed their answer to the plaintiff's complaint. A Rule 16 Scheduling Conference was scheduled for February 7, 2007 at 9:30 a.m. Mr. Sain did not appear at the Rule 16 Scheduling Conference on February 7, 2007. Nor did Mr. Sain contact either the court or the clerk of court's office to indicate that he would not be able to attend the scheduling conference on February 7, 2007.

On February 7, 2007, the court rescheduled the Rule 16 Scheduling Conference for March 9, 2007 at 9:15 a.m. The court also issued a Scheduling Order on February 7, 2007. The February 7, 2007 Scheduling Order stated, in pertinent part:

> Plaintiff Dalyon Sain is advised that if he does not appear at the March 9, 2007 conference, the court will construe his absence as a lack of interest in pursuing his claims and he case may be disposed of short of dealing with the merits, that is, the

case may be dismissed for lack of prosecution pursuant to Civil Local Rule 41.3 and Federal Rule of Civil Procedure 41(b).

(Feb. 7, 2007 Order.) The court also notes that the clerk of court's office sent a copy of the February 7, 2007 Scheduling Order to the plaintiff at the address provided by Mr. Sain, and that the order was not returned to the clerk's office.

Civil Local Rule 41. 3 provides that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days." The plaintiff was warned that his failure to appear at the March 9, 2007 Scheduling Conference could result in dismissal of this action pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b). From his failure to appear at the March 9, 2007 Scheduling Conference, this court infers that the plaintiff no longer wants to prosecute this action. Therefore, the court will dismiss this case without prejudice. Of course, if the plaintiff wishes to further pursue this action, he may petition for reinstatement of this action within 20 days. Civil L.R. 41.3 (E.D. Wis.)

**NOW THEREFORE IT IS HEREBY ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this <u>9th</u> day of March 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge